BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
RAYMOND E. PATRICCO, DISTRICT OF COLUMBIA BAR NO. 454792
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208)334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY SEMONES,<br><br>Defendant. | Case No. CR 20-0043-S DCN<br><br>**INDICTMENT**<br><br>18 U.S.C. § 981(a)(1)(C)<br>18 U.S.C. § 982(a)<br>18 U.S.C. § 1343<br>18 U.S.C. § 1957(a)<br>28 U.S.C. § 2461(c) |

The Grand Jury charges:

### GENERAL ALLEGATIONS

At all times relevant to the Indictment:

1.      ETA Compute, Inc. ("ETA") was a corporation with its principal place of business located in the County of Los Angeles, California.

2.      The Defendant, TIMOTHY SEMONES ("SEMONES"), lived in Ketchum, Idaho, and was employed as the Chief Financial Officer ("CFO") of ETA. As part of his duties as CFO,

INDICTMENT - 1

SEMONES had access to ETA's Wells Fargo Bank business checking account (account number ending x9457) and had the ability to make online transfers of funds from this account.

3. In 2008, SEMONES became the sole member of Inphi Partners, LLC.

4. SEMONES had access to Wells Fargo Bank business checking accounts in the names of Susan Desko, PC (account number ending x7548) and Inphi Partners, LLC (account number ending x9254).

5. In or about 2004, SEMONES and other partners, through Inphi Partners, LLC, purchased a parcel of land located at 29 Lake Creek Drive, Ketchum, Idaho. Subsequently, SEMONES began building an approximate 7,000 square foot house on the parcel.

6. In or about 2016, to fund construction of the house, SEMONES secured a line of credit with Veristone Mortgage, LLC ("Veristone") for approximately $2,000,000 at 12 percent interest. Veristone advanced approximately $1.5 million. As of December 2017, there was an approximate $1.7 million outstanding balance.

## COUNTS ONE THROUGH TEN

### Wire Fraud
### 18 U.S.C. § 1343

7. Between in or about October 2017 and in or about November 2018, in the District of Idaho, the Defendant, TIMOTHY SEMONES, knowingly devised, participated in, and intended to devise a scheme to defraud, as to material matters, ETA, and to obtain money and property belonging to ETA by means of materially false and fraudulent pretenses, representations, and promises.

### *Manner and Means*

8. In order to further the objects and goals of the scheme, the Defendant used the following manner and means, among others:

**INDICTMENT - 2**

9. Defendant made online transfers of funds from ETA's Wells Fargo Bank account to bank accounts to which he had access, namely Wells Fargo Bank business checking accounts in the names of Susan Desko, PC and Inphi Partners, LLC.

10. Defendant used the misappropriated funds to pay construction costs for the house he was building at 29 Lake Creek Drive, Ketchum, Idaho, including to pay off the balance of the Veristone line of credit.

11. Defendant made false statements to ETA's Chief Executive Officer about the location and balance of funds in ETA's Wells Fargo Bank accounts.

12. Defendant emailed falsified ETA Wells Fargo Bank records – that made it appear that ETA's bank account had $1.5 million more than it actually did – to ETA's Chief Executive Officer.

### *Executions of the Scheme*

13. On or about the respective dates and approximate times below, in the District of Idaho and elsewhere, the Defendant, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate count of this Indictment:

| COUNT | DATE | AMOUNT | DESCRIPTION OF WIRE |
|---|---|---|---|
| 1 | 10/13/2017 | $90,000 | Online Transfer from ETA Wells Fargo Bank account to Susan Desko, PC Wells Fargo Bank business checking account |
| 2 | 10/17/2017 | $90,000 | Online Transfer from ETA Wells Fargo Bank account to Susan Desko, PC Wells Fargo Bank business checking account |
| 3 | 10/20/2017 | $90,000 | Online Transfer from ETA Wells Fargo Bank account to Susan Desko, PC Wells Fargo Bank business checking account |

| 4 | 11/30/2017 | $250,000 | Online Transfer from ETA Wells Fargo Bank account to Inphi Partners, LLC Wells Fargo Bank business checking account |
| --- | --- | --- | --- |
| 5 | 12/4/2017 | $500,000 | Online Transfer from ETA Wells Fargo Bank account to Inphi Partners, LLC Wells Fargo Bank business checking account |
| 6 | 12/5/2017 | $500,000 | Online Transfer from ETA Wells Fargo Bank account to Inphi Partners, LLC Wells Fargo Bank business checking account |
| 7 | 12/6/2017 | $300,000 | Online Transfer from ETA Wells Fargo Bank account to Inphi Partners, LLC Wells Fargo Bank business checking account |
| 8 | 12/8/2017 | $300,000 | Online Transfer from ETA Wells Fargo Bank account to Inphi Partners, LLC Wells Fargo Bank business checking account |
| 9 | 1/3/2018 | $880,000 | Online Transfer from ETA Wells Fargo Bank account to Inphi Partners, LLC Wells Fargo Bank business checking account |
| 10 | 11/28/2018 | N/A | Email from SEMONES to ETA Chief Executive Officer appending falsified ETA Wells Fargo Bank account statements |

In violation of Title 18, United States Code, Section 1343.

## COUNT ELEVEN

### Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity
### 18 U.S.C. § 1957(a)

On or about December 8, 2017, in the District of Idaho and elsewhere, the Defendant, TIMOTHY SEMONES, did knowingly engage in a monetary transaction by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, an approximate $1,760,165 million wire transfer from the Inphi Partners, LLC, business checking account at Wells Fargo Bank to Blaine County Title, Inc.

**INDICTMENT - 4**

business checking account at Glacier Bank, such property having been derived from a specified unlawful activity, to wit: the wire fraud charged in Counts 1 through 10 of this Indictment, in violation of Title 18, United States Code, Section 1957(a).

## CRIMINAL FORFEITURE ALLEGATIONS

### Wire Fraud Forfeiture
### 18 U.S.C § 981(a)(1)(C) and 982(a), 28 U.S.C § 2461(c)

As a result of the violations of 18 U.S.C. § 1343, as charged in Counts One through Ten of the Indictment, the Defendant, TIMOTHY SEMONES, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds the Defendant obtained directly or indirectly as a result of such violations, including but not limited to the following:

A. Unrecovered Cash Proceeds and/or Facilitating Property. The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense, but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

B. Real Property. Real property located at **29 Lake Creek Drive, Ketchum, Idaho, Blaine County Parcel Number RP003600000270**, and more particularly described as follows: Lake Creek Subdivision Lot 27, Block 2, Blaine County, Idaho.

C. Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a. Cannot be located upon the exercise of due diligence;

      b.      Has been transferred or sold to, or deposited with, a third person;

      c.      Has been placed beyond the jurisdiction of the court;

      d.      Has been substantially diminished in value; or

Has been commingled with other property which cannot be subdivided without difficulty.

## Money Laundering Forfeiture
### 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c)

Upon conviction of the offense alleged in Count Eleven of this Indictment, the defendant, TIMOTHY SEMONES, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real and personal, which constitutes or is derived from proceeds traceable to said violations; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offense. The property to be forfeited includes, but is not limited to, the property described in the Wire Fraud Forfeiture section of this Indictment.

Dated this 11th day of February, 2020.

A TRUE BILL

*/s/ [signature on reverse]*

FOREPERSON

BART M. DAVIS
United States Attorney
By:

Raymond E. Patricco
Assistant United States Attorney

**INDICTMENT - 6**